IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER ROSE-THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1028 |
| | ) | 23-1029 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF REMAND

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious. El-Bey v. U.S., 619 F. App'x 53, 54 (3d Cir. Oct. 13, 2015). In addition, the Court has a continuing obligation to determine whether federal jurisdiction exists over a removed action and must remand the case to state court if it does not. *See* 28 U.S.C. § 1447; *see also* Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (noting that the federal courts' "ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases").

In this case, Ms. Rose-Thompson appears to have removed to this Court two criminal proceedings pending against her in the Allegheny County Court of Common Pleas. *See* Doc. 1 at Docket No. 23-1028 (citing case number MJ-05236-CR-0000032-2023) and Doc. 1 at Docket

No. 23-1029 (citing case number MJ-05236-CR-0000020-2023).  Although Ms. Rose-Thompson is the named criminal defendant in those proceedings, she also has filed on this docket a "Pleading in State Action" in which she invokes 28 U.S.C. § 1441(c) as the basis for removal jurisdiction, and, citing various provisions of the Pennsylvania Commercial Code, seeks closure of the criminal actions against her and a declaration that certain dollar amounts and seized property are due and owing to her from the Commonwealth of Pennsylvania in connection with those actions.  See Doc. 4 at each of Docket Nos. 23-1028 and 23-1029.  Because Ms. Rose-Thompson's attempt at removal is improper, and this Court thus lacks jurisdiction to adjudicate the charges, the criminal cases will be remanded and any claims presented in this civil action will be dismissed.

As an initial matter, the removal statute to which Ms. Rose-Thompson cites, 28 U.S.C. § 1441 pertains only to *civil* actions.  Here, Ms. Rose-Thompson has removed a criminal action and, thus, Section 1441 does not apply.[1]  Although a separate provision, 28 U.S.C. § 1443, permits removal of state criminal actions in some circumstances, Ms. Rose-Thompson does not invoke that provision.  See 28 U.S.C. § 1455(b) ("A notice of removal of a criminal prosecution shall include all grounds for such removal.").  Moreover, and in any event, Section 1443 likewise is inapplicable.  Under Section 1443(1), a person "seeking removal of a state criminal case to federal court must allege a denial of her civil rights on account of race and that she cannot enforce her federal rights in state court." Commonwealth of Pa. v. Haring, Nos. 22-2412 & 22-2413, 2022 WL 17076037, at *1 (3d Cir. Nov. 18, 2022) (per curiam) (quoting Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975)).  Removal is not available for "[c]laims that

---

[1] Although Ms. Rose-Thompson also cites 28 U.S.C. § 1446, that section establishes the *procedure* for removal of *civil* actions, it does not provide a *basis* for removal of any action.  See Olick v. Pennsylvania, 739 F. App'x 722, 724 (3d Cir. 2018).

prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability." Id. (quoting Johnson, 421 U.S. at 219). Section 1443(2) applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Id. (quoting City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966)). Neither of these subsections provide a basis for Ms. Rose-Thompson's attempted removal here. Because Ms. Rose-Thompson has not demonstrated an adequate basis for removal of her state criminal cases, this Court lacks jurisdiction, and the cases must be **REMANDED** to the Court of Common Pleas of Allegheny County forthwith.[2]

IT IS SO ORDERED.

August 2, 2023                                              s\Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via First-Class U.S. Mail):

AMBER ROSE-THOMPSON
2638 Shadeland Avenue
Pittsburgh, PA 15212

---

[2] Even if removal were proper, Plaintiff's "claims" do not survive Section 1915(e) scrutiny and would be dismissed as frivolous under that provision as well.